UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | CV 20-8406-RGK (PD) | Date: September 21, 2020 |
| Title | *Elbert E. Hidalgo v. Unknown* | |

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) Order to Show Cause Re: Dismissal**

    On September 9, 2020, Plaintiff Elbert E. Hidalgo ("Plaintiff"), a California prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint") alleging violations of unspecified constitutional rights by six unnamed sheriff's deputies in two incidents that occurred on July 10, 2011 and August 19, 2011.  [Dkt. No. 1 at 3-4.]  The Complaint does not specify where the incidents occurred.  Though the factual allegations are very difficult to discern, the Complaint appears to allege that as a result of the two incidents, Plaintiff's right wrist was broken and remains in serious condition to this day.

    The Court is required to screen prisoner complaints and dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(a), (b)(1), (2).  Review for failure to state a claim under section 1915A uses the same standard as that which is applied under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      CV 20-8406-RGK (PD)                    Date: September 21, 2020

Title      *Elbert E. Hidalgo v. Unknown*

(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

First, because it is unclear from the Complaint whom Plaintiff is suing, the number of claims he is asserting, and the factual and legal basis for those claims, the Complaint violates Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 8; *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaint violates Rules 8 if a defendant would have difficulty understanding and responding to it).

Section 1983 contains two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; (2) committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).  Even construed liberally, the Complaint fails to allege specific facts describing the two incidents, including the involved parties and the conduct which led to the injury.  Plaintiff does not name the deputies who caused his injury or describe what they did.  Additionally, he does not specify the relief sought by his Complaint.

Second, even if the Complaint had alleged facts to support claims for battery that arose in July and August 2011, it would likely be time-barred.[1]

---

[1] Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.	CV 20-8406-RGK (PD)	Date: September 21, 2020

Title	*Elbert E. Hidalgo v. Unknown*

Federal courts apply the forum state's statute of limitations for battery claims, along with the forum state's law regarding tolling. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The limitations period in California for such actions is two years. *See* Cal. Civ. Proc. Code § 335.1. Plaintiff correctly notes that under California law, prisoners serving less than a life sentence are entitled to an additional two years to file suit. *See* Cal. Civ. Proc. Code § 352.1. Plaintiff also correctly notes that the state law provides for tolling in any civil action for damages against a peace officer or the public entity employing the peace officer based upon conduct relating to the offense for which the accused is charged, while the charges against the accused are pending before a justice, or municipal or superior court. *See* Cal. Civ. Proc. Code § 945.3. However, "California tolling rules do not allow tacking of different tolling periods potentially awarded for different reasons." *Ucci v. LAPD*, 2020 U.S. Dist. LEXIS 8025, at *30 (C.D. Cal. Jan. 7, 2020) (citing *Rose v. Petaluma & S. R. R. Co.*, 64 Cal. App. 213, 217, 221 P. 406 (1923), disapproved on other grounds in *Harris v. Industrial Accident Comm'n of Cal.*, 204 Cal. 432, 438, 268 P. 902 (1928)); *Smith v. Kouri*, 2011 U.S. Dist. LEXIS 77107, at *6 (C.D. Cal. June 6, 2011). "Thus Plaintiff may be entitled to tolling under Cal. Gov't Code section 945.3 or under Cal. Code Civ. P. section 352.1, but he cannot apply both kinds of tolling to the same claim." *Ucci*, 2020 U.S. Dist. LEXIS 8025, at *30.

A claim under 42 U.S.C. § 1983 accrues, "and the statute of limitation begins to run, when the wrongful act or omission results in damages."

---

dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *Tate v. U.S.*, 13 Fed. Appx. 726 (9th Cir. 2001) (dismissal of an in forma pauperis complaint was proper where running of the statute of limitations was apparent on the face of the pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 20-8406-RGK (PD)                Date: September 21, 2020

Title    *Elbert E. Hidalgo v. Unknown*

*Wallace v. Kato*, 549 U.S. 384, 391 (2007).  According to the Complaint, Plaintiff's claims accrued on July 10, 2011 and August 19, 2011.  With a two-year statutory tolling for imprisonment, the claims would still be untimely by approximately five years.  Alternatively, Plaintiff alleges that the charges against him arising from the events of his Complaint were dismissed on September 1, 2016.  [Dkt. No. 1 at 4.]  Even if the entire period from when the claims arose until the dismissal were tolled, the two-year statute of limitations period would have ended on September 1, 2018.

Therefore, under either tolling theory, the Complaint is untimely and subject to dismissal.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that relief is barred by the applicable statute of limitations).  Additionally, there are no facts to suggest that Plaintiff would be entitled to equitable tolling.

Plaintiff further requests a one-year extension of the statute of limitations in order to find an attorney to assist with his claims.  As the Complaint is already untimely on its face and therefore subject to dismissal, this request is denied.

On September 9, 2020, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*.  [Dkt. No. 2.]  Plaintiff has not responded to the Court's notification.  Accordingly, because Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment of the fee, **IT IS HEREBY**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.      CV 20-8406-RGK (PD)                    Date: September 21, 2020

Title      *Elbert E. Hidalgo v. Unknown*

**ORDERED that Plaintiff shall show cause, no later than October 19, 2020, why this action should not be dismissed.**

To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P).  **To discharge this Order and proceed with his case, Plaintiff must either:**

(1) pay the $400 filing fee in full; or

(2) file an amended civil rights complaint, entitled "First Amended Complaint," which addresses the statute of limitations and failure to state a claim issues the Court has described above, and also file the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support.

**Plaintiff's failure to timely comply with this Order by October 19, 2020 will result in a recommendation of dismissal of his case.**

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | im |