UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 20-8406-RGK (PD)                    Date: October 27, 2020

Title     *Hidalgo v. Engle, et al.,*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) Second Order to Show Cause Re: Dismissal**

## I.    Introduction

On September 9, 2020, Plaintiff Elbert E. Hidalgo ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") alleging violations of unspecified constitutional rights by six unnamed sheriff's deputies in two incidents that occurred on July 10, 2011 and August 19, 2011.  [Dkt. No. 1 at 3-4.]  The Court screened the complaint pursuant to 28 U.S.C. § 1915A and found that it failed to comply with Federal Rule of Civil Procedure 8 for several reasons, including that it failed to name the Defendants, to describe the alleged conduct with sufficient detail, and to specify the Constitutional right that was allegedly violated.  [Dkt. No. 4 at 2.]

The Court also noted that there appeared to be a statute of limitations issue on the face of the pleading, as both alleged incidents had occurred in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      CV 20-8406-RGK (PD)               Date: October 27, 2020

Title     *Hidalgo v. Engle, et al.,*

2011.[1]  The Complaint asserted that two different California state tolling law provisions could be combined so that the claim would be within the two year limitations period for what amounted to battery.  In the September 21, 2020 Order, the Court noted that under applicable state law, a plaintiff is entitled to apply only one tolling provision to extend the limitations period.  [Dkt. No. 4 at 3] ("California tolling rules do not allow tacking of different tolling periods potentially awarded for different reasons." (quoting *Ucci v. LAPD*, 2020 U.S. Dist. LEXIS 8025, at *30 (C.D. Cal. 2020)).  In other words, while each tolling provision cited by Plaintiff may apply separately, they cannot be added together under state law.

Plaintiff also requested a one-year extension of the statute of limitations to find an attorney to assist with his claims, which was denied.

Finally, Plaintiff was informed that he had failed to pay the $400 filing fee or file a request to proceed *in forma pauperis*.

Pursuant to the screening provision of 28 U.S.C. § 1915A, the Court ordered the Plaintiff either (1) to pay the filing fee in full, or (2) file a First Amended Complaint ("FAC") which addressed the statute of limitations and Rule 8 issues.  [Dkt. No. 4.]  Plaintiff was ordered to file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P) if

---

[1] Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *Tate v. U.S.*, 13 Fed. Appx. 726 (9th Cir. 2001) (dismissal of an in forma pauperis complaint was proper where running of the statute of limitations was apparent on the face of the pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 20-8406-RGK (PD)                    Date: October 27, 2020

Title     *Hidalgo v. Engle, et al.,*

he did not pay the filing fee.  A CV-60P was attached to aid Plaintiff in completing this order.

On September 29, 2020, Plaintiff filed a FAC in which he addressed the statute of limitations issue, named certain Los Angeles County Sheriff's deputies as defendants, and clarified the allegations.  [Dkt. No. 5.]  However, Plaintiff failed to file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support.

**II.     Failure to Pay the Filing Fee or Request to Proceed In Forma Pauperis**

On September 9, 2020, the date that Plaintiff filed the Complaint, the Court notified him that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*.  [Dkt. No. 2.]  Plaintiff did not respond to this notification.  As described above, he also failed to respond to the September 20, 2020 Order requiring him to file an IFP request if he did not pay the filing fee.  In a letter to the Court filed on October 15, 2020, Plaintiff stated that his sister would pay the filing fee.  [Dkt. No. 7 at 8.]  This has not occurred.  <u>The case cannot proceed unless Plaintiff pays the filing fee or submits a proper IPF request.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV 20-8406-RGK (PD)                        Date: October 27, 2020

Title     *Hidalgo v. Engle, et al.,*

**III.  Order**

Plaintiff has one final opportunity to comply with the Court's order. It is hereby ordered the Plaintiff shall pay the filing fee or file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P by **November 23, 2020**. The Clerk shall attach another CV-60P form.

**Plaintiff's failure to timely comply with this Order by November 23, 2020 will result in a recommendation of dismissal of his case.**

**IT IS SO ORDERED**.

                                                                              :
                                         **Initials of Preparer**    im